**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**ARTHUR (ARTIE) STARKE,**

                  **Plaintiff,**

                **v.**

**COUNTY OF CLINTON,**

                  **Defendant.**
_____

**9:22-cv-422**
**(GLS/ML)**

## SUMMARY ORDER

Plaintiff Arthur (Artie) Starke commenced this action in New York State Supreme Court in Clinton County, alleging negligence under New York State law and a violation of his Eighth Amendment rights pursuant to 42 U.S.C. § 1983, (Compl., Dkt. No. 2), and defendant County of Clinton removed the action to this court, (Dkt. No. 1). The County thereafter answered. (Dkt. No. 4.) Presently before the court is the County's unopposed motion for summary judgment. (Dkt. No. 25.) For the reasons set forth below, the motion is granted and the complaint is dismissed.

The standard of review pursuant to Rule 56 of the Federal Rules of Civil Procedure is well established and will not be repeated here. For a full discussion of the standard, the court refers the parties to its decision in

*Wagner v. Swarts*, 827 F. Supp. 2d 85, 92 (N.D.N.Y. 2011), *aff'd sub nom. Wagner v. Sprague*, 489 F. App'x 500 (2d Cir. 2012).  As noted, Starke did not oppose the pending motion for summary judgment.  But a party's failure to oppose a motion for summary judgment does not mean that the motion is to be granted automatically.  *See* Fed R. Civ. P. 56(e).  Indeed, an unopposed motion for summary judgment may be granted "only if the facts as to which there is no genuine dispute show that the moving party is entitled to judgment as a matter of law."  *Champion v. Artuz*, 76 F.3d 483, 486 (2d Cir. 1996) (internal quotation marks and citations omitted).

However, the Local Rules of Practice provide that

> [w]here a properly filed motion is unopposed and the Court determines that the moving party has met its burden to demonstrate entitlement to the relief requested therein, the non-moving party's failure to file or serve any papers as this Rule requires shall be deemed as consent to the granting . . . of the motion . . . unless good cause is shown.

N.D.N.Y. L.R. 7.1(a)(3).  As the Second Circuit has explained, when the non-moving party "chooses the perilous path of failing to submit a response to a summary judgment motion" the court must examine the moving party's submission and may grant summary judgment upon a determination that the movant has met their burden of demonstrating no

material issue of fact remains for trial.  *Vt. Teddy Bear Co. v. 1-800 Beargram Co.*, 373 F.3d 241, 244 (2d Cir. 2004) (internal quotation marks and citation omitted).  In sum, upon a finding that the unopposed motion is facially meritorious, the non-movant is deemed to have "consented" to summary judgment, and the court may grant the motion.  *See Sec. & Exch. Comm'n v. McGinn, Smith & Co.*, No. 1:10-cv-457, 2015 WL 667848, at *1 (N.D.N.Y. Feb. 17, 2015) ("[I]n this District, where, as here, a non-movant has willfully failed to respond to a movant's properly filed and facially meritorious memorandum of law (submitted in support of its motion for summary judgment), the non-movant is deemed to have consented to the legal arguments contained in that memorandum of law . . . . Therefore, [the movant] need only show that [its] argument[s] possess facial merit, which has appropriately been characterized as a modest burden.") (internal quotation marks and citations omitted); *Parker v. Peek-Co*, No. 9:06-cv-1268, 2009 WL 211371, at *3 (N.D.N.Y. Jan. 27, 2009).

    The facts in the movant's statement of material facts will be accepted as true so long as they are supported by the record.  *See Vt. Teddy Bear Co.*, 373 F.3d at 244; *Ferran v. City of Albany*, No. 1:14-cv-1362, 2019 WL 6611301, at *3 (N.D.N.Y. Dec. 5, 2019).  The County's Statement of

Material Facts (SMF) contains twenty-two separately numbered paragraphs, each with citations to the record. (Def.'s SMF, Dkt. No. 25, Attach. 5.) The facts in the SMF are supported by the record and the SMF also otherwise complies with the Local Rules. *See* N.D.N.Y. L.R. 56.1(a). Therefore, the facts in the SMF, which come before the court unopposed, are deemed admitted.

As for Starke's Eighth Amendment claim brought pursuant to § 1983,[1] the County argues that Starke has failed to adequately plead, nor can he prove, *Monell* liability. (Dkt. No. 25, Attach. 6, at 2-5.) It is well established that "under § 1983, local governments are responsible only for their *own* illegal acts . . . . They are not vicariously liable under § 1983 for their employees' actions." *Connick v. Thompson*, 563 U.S. 51, 60 (2011) (internal quotation marks and citations omitted, emphasis in original).

---

[1] The County correctly points out that, while the complaint mentions both the Eighth and Fourteenth Amendments, (Compl. ¶¶ 16-19), Starke's second cause of action is premised on the allegation that the County failed to protect him from assault by another prisoner while he was serving a nine-month sentence at the Clinton County Correctional Facility, and such failure-to-protect claims are governed by the Eighth Amendment because it applies to convicted prisoners, while the Fourteenth is applicable to pretrial detainees. (Dkt. No. 25, Attach. 6, at 2.) Therefore, only the Eighth Amendment is relevant to an analysis of the instant motion.

Accordingly, a municipality may only be found liable under § 1983 "when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury." *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978); *see Dixon v. City of Syracuse*, 493 F. Supp. 3d. 30, 36 (N.D.N.Y. 2020) ("[T]he constitutional violation underpinning a § 1983 claim against a municipality must result from a governmental policy, custom or practice.") (citation omitted).  "To hold a [municipality] liable under § 1983 for the unconstitutional actions of its employees, a plaintiff is required to plead and prove three elements: (1) an official policy or custom that (2) causes the plaintiff to be subjected to (3) a denial of a constitutional right." *Wray v. City of New York*, 490 F.3d 189, 195 (2d Cir. 2007) (quotation marks, citation, and alteration omitted); *see Dietrich v. County of Orange*, No. 19-CV-10485, 2020 WL 5209816, at *5 (S.D.N.Y. Sept. 1, 2020).

    Here, by contending that no policy or custom exists to support Starke's claim, the County has met its burden.  The allegations in the complaint and the facts in the SMF center around the notion that Officer Mandi Devins set in motion the events that led to the assault on Starke when, after Starke approached the corrections officer podium to inquire

5

about signing out a tablet, she "made an announcement to the pod that if an inmate was in the day area and not using the tablets they had signed out, they needed to return the tablets to the podium for other inmates to use." (SMF ¶¶ 7-14.) Starke has not advanced proof to contradict the County's contention that there is no policy, practice, or custom that would create municipal liability under these facts. *See Parker v. Sony Pictures Entm't, Inc.*, 260 F.3d 100, 111 (2d Cir. 2001) ("In moving for summary judgment against a party who will bear the ultimate burden of proof at trial, a moving defendant need not prove a negative, but need only point to an absence of proof on plaintiff's part, and, at that point, plaintiff must designate specific facts showing that there is a genuine issue for trial.") (internal quotations marks and citation omitted). And, Devins' actions, alone, are insufficient to support a *Monell* claim. *See DeCarlo v. Fry*, 141 F.3d 56, 61 (2d Cir. 1998) ("[A] single incident . . . especially if it involved only actors below the policy-making level, does not suffice to show a municipal policy.") (internal quotation marks omitted). Therefore, the County having met its modest burden of demonstrating its entitlement to summary judgment via facial merit and Starke having failed to provide proof sufficient to support his *Monell* claim, his § 1983 claim is dismissed.

Finally, as to Starke's claim for negligence under New York law, the County argues that a municipality's duty to protect inmates is limited to reasonably foreseeable risks of harm and that it had no duty here because the assault on Starke was not foreseeable. (Dkt. No. 25, Attach. 6 at 7-8.) Indeed, the New York Court of Appeals has held that, although a municipality owes a duty of care to inmates in its custody, this duty, like other duties in tort, only extends to reasonably foreseeable risks of harm. *See Sanchez v. New York*, 99 N.Y.2d 247, 252–53 (2002).

Here, the record is devoid of facts that indicate the assault on Starke was foreseeable. Starke had no prior interaction with inmate Scott (the inmate that initiated the assault), Starke did not report fear of being assaulted by other inmates to Devins or any other corrections officer, and, even after a different confrontation over the tablets earlier that day with a different inmate, a quick conversation relieved the tension and Starke himself believed everything was "okay." (Dkt. No. 25, Attach. 4 at 1 ("I then approached Masonet and told him I didn't mean to disrespect him and didn't want any trouble. We then fist bummed [sic], and I thought everything [sic] okay.") Simply, the record contains no evidence indicating that there were signs of trouble or warning before the fight broke out, which

7

demonstrates that Starke has not provided sufficient evidence that the assault he endured was foreseeable. Therefore, the County, again having met its modest burden of demonstrating its entitlement to summary judgment via facial merit, and Starke having failed to provide proof sufficient to demonstrate a triable issue of fact on his negligence claim, the negligence claim is also dismissed.

Accordingly, it is hereby

**ORDERED** that the County's motion for summary judgment (Dkt. No. 25) is **GRANTED**; and it is further

**ORDERED** that the complaint (Dkt. No. 2) is **DISMISSED**; and it is further

**ORDERED** that the Clerk close this case; and it is further

**ORDERED** that the Clerk provide a copy of this Summary Order to the parties.

**IT IS SO ORDERED.**

August 22, 2023
Albany, New York

*Gary L. Sharpe*
Gary L. Sharpe
U.S. District Judge